IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALADDIN MANUFACTURING CORPORATION, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO. 4:19-CV-00058-WMR |
| BRUMLOW MILLS, INC, et al, | |
| Defendants. | |

# ORDER REGARDING SPECIAL MASTER

It is hereby stipulated and agreed by and between counsel for all parties and the Court that this action is a case which requires patent claim construction, discovery, and summary judgment issues to be determined.[1] The parties agree that it is appropriate and in the interests of justice to appoint a Special Master pursuant to Rule 53 of the Federal Rules of Civil Procedure to assist the Court in making those determinations. It is further agreed that the appointment of a Special Master will avoid placing unnecessary burdens upon the Court and the parties, and such appointment would expedite the case, keep costs reasonable, and promote effective decision-making by the Court, parties and counsel.

---

[1] The Court notes that it had a phone conference with counsel on October 22, 2019, wherein the Court's desire to appoint a Special Master was discussed. The parties were given until Monday, October 28, 2019, to lodge any objection thereto. Both parties responded and agreed to this appointment.

Accordingly, the Court hereby enters an Order for the appointment of a Special Master, as follows:

(1) A Special Master shall be appointed to supervise claim construction, claim construction briefing by the parties, to schedule and preside over the Markman hearing in this case, and to submit a report and recommendation on claim construction to the Court. Further, the Special Master shall consider any discovery disputes that arise between the parties, and any summary judgment motions filed, and provide a report and recommendation to the Court concerning any such motions.

(2) The parties will endeavor to select a mutually agreed upon Special Master. The Special Master must be a patent attorney registered before the United States Patent Office with a business office in the Northern District of Georgia. The Special Master must have some prosecution experience, which shall have included patents directed to carpet manufacturing and/or design, if possible. The Special Master must have at least twelve years of experience litigating patent cases, which shall have included patents directed to carpet manufacturing and/or design, if possible.

(3) If the parties cannot reach agreement as to the selection of a Special Master within fourteen (14) days of the Court entering this Order, each party shall identify three proposed candidates to the other party on or before that date (the

"Exchange Date"). Each party shall have two strikes to use against the other party's proposed candidates. If, within seven (7) days of the Exchange Date, the parties still cannot agree, the parties shall use their two strikes to narrow the proposed candidates to one proposed candidate per party and shall jointly submit the two remaining proposed candidates to the Court for the Court to select and appoint one of the two remaining proposed candidates as the Special Master. Each party may also submit a one to two page letter as to why their proposed person should be selected.

(4) Upon selection of the Special Master, the parties will prepare an Order for signature by this court appointing the selected Special Master. The Order shall include that the Special Master will hold an Initial Status Conference to confer with the parties to establish a date for the Markman hearing. The Markman hearing shall follow completion of claim construction discovery (if needed) and claim construction briefing. The parties shall submit an Amended Scheduling Order proposing dates for completing claim construction discovery (if needed) and claim construction briefing. In the event the parties are not able to reach an agreement as to the Amended Scheduling Order, the parties will contact the Court to request the Court's assistance by telephone regarding the issues in dispute.

(5) Pursuant to Fed. R. Civ. P. 53(a)(2) and 53(b)(3), the Special Master shall file an affidavit with this Court that states that he/she has no relationship to the parties, counsel, action, or Court that would require disqualification of a judge under 28 U.S.C. § 455. During the course of these proceedings, the Special Master and the parties shall notify this Court immediately if they become aware of any potential grounds that would require disqualification.

(6) While overseeing discovery, the Special Master shall have the rights, powers, and duties provided in Fed. R. Civ. P. 37 and may adopt such procedures as are not inconsistent with Rule 37, Rule 53, or with this or other orders of the Court. All proceedings before the Special Master and appeals from the Special Master's orders, if any, will be controlled by Fed. R. Civ. P. 37 and 53.

(7) With respect to the Markman hearing, the Special Master shall determine the manner of presentation of evidence at the Markman hearing after consultation with the parties. The Markman hearing shall take place in an available courtroom in the Richard B. Russell Federal Building, 75 Spring Street, S.W., Atlanta, Georgia 30303. In the event any summary judgment motions are filed in conjunction with claim construction, the Special Master may exercise his/her discretion to hold a single hearing on claim construction and summary judgment issues, provided doing so causes no significant delay in rendering his/her report and recommendation

4

concerning claim construction.

(8) Unless waived by both parties, all proceedings before the Special Master will be on the record. The parties will split equally the takedown and, if necessary, transcription costs (if such transcription is deemed necessary), subject to any other recommendation by the Special Master. The Special Master or Court may require transcription or alternatively the parties may order transcription. If a transcript is requested by the parties, the Special Master, or the Court, the transcript, or any part of it, will not be filed with the Court unless requested by the Court or so ordered by the Special Master.

(9) The parties and the Special Master may not communicate on an *ex parte* basis except to the extent needed to discuss administrative or scheduling matters. The Special Master, however, may contact the Court on an *ex parte* basis to discuss any matters relevant to this case.

(10) The Special Master shall maintain orderly files consisting of all documents submitted to him/her by the parties and of any of his/her written orders, findings, and/or recommendations. The Special Master shall file any written orders, findings, and/or recommendations with the Court via Electronic Case Filing ("ECF"). Such filing shall constitute service in accordance with LR 5.1(A), NDGa.

(11) Pursuant to Federal Rule of Civil Procedure 53(f)(2), any party may file an objection to an Order, finding, or Report and Recommendation made by the Special Master within **fourteen** days after the date of issuance of the Order, finding, or Report and Recommendation, **unless the Court orders otherwise**. Failure to meet this deadline results in permanent waiver of any objection to the Special Master's Orders, findings, or Reports and Recommendations. Absent timely objections, the Orders, findings, and Reports and Recommendations of the Special Master shall be deemed approved, accepted, and ordered by the Court, unless the Court explicitly states otherwise. The Court's action on any written orders, findings, and/or recommendations of the Special Master shall be reviewed and handled in accordance with Fed. R. Civ. P. 53(f). The Court shall decide de novo all objections to findings of fact and conclusions of law made or recommended by the Special Master. The Court will set aside rulings by the Special Master on procedural matters only for an abuse of discretion.

(12) The parties shall make arrangements with the Special Master to compensate him/her for services on an hourly basis. The parties shall share the fees and expenses of the Special Master's services equally. Notwithstanding their agreement to compensate the Special Master equally, neither of the parties shall waive the right to seek all allowable costs, including a party's portion of fees and

expense paid to the Special Master, pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.

(13) The Special Master shall be directed to proceed with all reasonable diligence to complete the tasks assigned by any Order entered pursuant to this Consent Motion.

(14) The Clerk shall be **DIRECTED** to send a copy of the Order appointing the Special Master, once entered, to the Special Master via email and to add the Special Master to the docket and include him/her on docket notifications through the CM/ECF system.

This 31st day of October, 2019.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE